Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088

Attorneys for Plaintiff
William A. Long

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 1993 H (BLM)

| William A. Long, an individual, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR MONEY DAMAGES FOR BREACH OF CONTRACT AND STATUTORY VIOLATION FOR FAILURE TO PAY WAGES** |
| vs. | |
| Linspire, Inc., a Delaware corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff William A. Long ("Plaintiff") alleges as follows for its complaint against defendant Linspire, Inc. ("Defendant"):

### INTRODUCTION AND NATURE OF THE ACTION

1. This is a diversity case brought by Plaintiff to recover payments and benefits that Defendant owes him pursuant to a written employment agreement.

2. As alleged herein, on or about July 24, 2007, Plaintiff and Defendant entered into a written employment agreement (the "Agreement") which provided in relevant part that Defendant would pay Plaintiff a lump sum severance payment equal to six months of the base salary in effect on the date of termination if Plaintiff's employment was terminated for any reason other than cause.

ORIGINAL

COMPLAINT
- 1 -

3. Effective August 3, 2007, Defendant terminated Plaintiff's employment as part of a reduction in force. However, even though Plaintiff's employment was terminated for a reason other than cause, Defendant failed and refused, and continues to fail and refuse, to pay Plaintiff the severance payment which Defendant is obligated to pay and Plaintiff is entitled to receive under the Agreement.

4. Plaintiff brings this action to recover money damages equal to the amount of the severance payment and other benefits he is owed by Defendant, plus statutory penalties under California law.

## THE PARTIES, JURISDICTION AND VENUE

5. Plaintiff is an individual who at all relevant times has resided in this judicial district.

6. Plaintiff is informed and believes and on that basis alleges that Defendant is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business within this judicial district.

7. Defendant is subject to personal jurisdiction in this Court because it does business in the State of California and within this judicial district, and is subject to venue in this Court pursuant to 28 U.S.C. § 1391(a).

8. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

## FIRST CAUSE OF ACTION

(Breach of Contract)

9. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 8, inclusive, of this Complaint as if fully set forth herein.

10. On or about July 24, 2007, Plaintiff and Defendant entered into the Agreement.

11. The Agreement was signed by Defendant's chief executive officer on behalf of Defendant. Pursuant to Section 17 of the Agreement, Defendant represented that it had the right, power and authority to enter into and execute the Agreement, that the Agreement constituted a valid and legally binding agreement and obligation of Defendant, and that the Agreement was enforceable in accordance with its terms.

12. Pursuant to Section 3(c)(i) of the Agreement, in the event that Plaintiff's employment was terminated for a reason other than cause (as such term is defined in the Agreement), Defendant represented and promised that it would pay Plaintiff a lump sum payment in the aggregate amount of six (6) months base salary in effect on the date of termination. Pursuant to Section 3(c)(i), Defendant was obligated to make such lump sum severance payment within five (5) business days after Plaintiff's employment was terminated.

13. Pursuant to Section 3(c)(i), Defendant also was obligated to continue to make available to Plaintiff the benefits made generally available to its employees.

14. Pursuant to Section 3(c)(i), all non-vested options to purchase Defendant's stock that had been granted to Plaintiff were supposed to become immediately vested.

15. By letter dated August 2, 2007, Defendant notified Plaintiff that his employment was being terminated effective August 3, 2007 because of a reduction in force.

16. Because Plaintiff's employment was terminated due to a reduction in force and not for cause, Defendant was obligated to pay Plaintiff the lump sum severance payment under Section 3(c)(i) of the Agreement as alleged herein on or before August 10, 2007, and to provide Plaintiff with the other benefits to which he was entitled under Section 3(c)(i) of the Agreement as alleged herein.

17. Defendant failed and refused to pay Plaintiff the lump sum settlement payment by August 10, 2007 and continues to fail and refuse to make such payment to Plaintiff.

18. Plaintiff is informed and believes and on that basis alleges that Defendant has not made available to Plaintiff the benefits made generally available to Defendant's employees and

that all non-vested options to purchase Defendant's stock that had been granted to Plaintiff did not become immediately vested upon Plaintiff's termination.

19. On or about August 31, 2007, Plaintiff through his counsel made a written demand to Defendant to pay the sums due and owing to Plaintiff under the Agreement. Defendant ignored Plaintiff's demand in such regard.

20. Defendant has breached the Agreement by failing and refusing to pay Plaintiff all sums due and owing to Plaintiff under the Agreement as alleged herein.

21. Plaintiff is informed and believes and on that basis alleges that Defendant has further breached the Agreement by failing and refusing to provide Plaintiff with all benefits and rights to which Plaintiff is entitled under the Agreement as alleged herein.

22. Plaintiff has at all times performed all duties and obligations required of Plaintiff under the Agreement, except for those duties and obligations that have been excused and/or negated by action or law.

23. As a direct and proximate result of Defendant's breach of the Agreement as alleged herein, Plaintiff has suffered monetary damages in excess of the jurisdictional minimum of this Court, in an amount to be proven at trial.

24. Pursuant to Section 14 of the Agreement, Plaintiff is entitled to an award of attorneys' fees, costs and disbursements.

25. Plaintiff is entitled to an award of pre-judgment and post-judgment interest to the maximum extent permitted by law.

## SECOND CAUSE OF ACTION

(California Labor Code Section 201 et seq – Failure to Pay Wages)

26. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth herein.

27. As alleged herein, Defendant failed to pay Plaintiff wages, compensation and payments that were due to Plaintiff at the time of the termination of Plaintiff's employment.

28. In failing to make the payments due to Plaintiff as alleged herein, Defendant has violated Section 201 of the California Labor Code.

29. Defendant knowingly, willfully and intentionally has failed and refused to make the payments owed to Plaintiff as alleged herein.

30. As a result of the violation of Section 201 of the California Labor Code as alleged herein, Plaintiff has suffered, and continues to suffer, damages in an amount in excess of the jurisdictional minimum of this Court, in an amount according to proof at trial. Plaintiff also is entitled to statutory penalties, costs, interest and attorneys' fees pursuant to Sections 203, 218.5 and 218.6 of the California Labor Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That judgment be entered for Plaintiff and against Defendant for the actual damages suffered by Plaintiff in an amount according to proof at trial as a result of Defendants' breach of contract and statutory violations as alleged herein;

2. For an award of statutory penalties pursuant to the California Labor Code to the maximum extent permitted by law;

3. For an award of attorneys' fees and costs pursuant to the Agreement, the California Labor Code, and to the maximum extent permitted by law;

4. For an award of pre-judgment and post-judgment interest to the maximum extent permitted by law;

5. For costs of suit incurred herein; and

6. For such other and further relief permitted by law that the Court may deem just and proper.

DATED: September 19, 2007

THE AFFINITY LAW GROUP APC

By: _____
Gregory P. Goonan
Attorneys for Plaintiff
William A. Long

## DEMAND FOR JURY TRIAL

Plaintiff William A. Long hereby demands a trial by jury.

DATED: September 19, 2007           THE AFFINITY LAW GROUP APC

                                    By: _____
                                        Gregory P. Goonan
                                        Attorneys for Plaintiff William A. Long

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William A. Long, an individual

**DEFENDANTS**
Linspire, Inc., a Delaware corporation

FILED
07 OCT 15 PM 3:27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'07 CV 1993 H (BLM)

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gregory P. Goonan, The Affinity Law Group APC, 600 West Broadway, Suite 400, San Diego, CA 92101 (619) 702-4335

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
breach of employment agreement plus statutory violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/19/07
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 143513   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/15/07

**ORIGINAL**

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

     #  143513     - SR

       October 15, 2007
          15:19:43


         Civ Fil Non-Pris
   USAO #.: 07CV1993 CIV. FIL.
   Judge..: MARILYN L HUFF
   Amount.:              $350.00 CK
   Check#.: BC#2935



       Total->   $350.00


     FROM: LONG V. LINSPIRE
           CIVIL FILING
```