Keith Zakarin SBN 126528
Edward M. Cramp SBN 212490
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:   kzakarin@duanemorris.com
          emcramp@duanemorris.com

Attorneys for Defendant
LINSPIRE, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. LONG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LINSPIRE, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 07 CV 1993 H(BLM)<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed:   October 15, 2007 |

Defendant LINSPIRE, INC., ("Linspire" or "defendant") hereby submits the following Answer to WILLIAM A. LONG'S ("Long" or "plaintiff") Complaint:

1.   Answering Paragraph 1 of the Complaint, defendant admits that this is a matter subject to the Court's diversity jurisdiction. Except as so admitted, defendant denies each and every other allegation contained in the said paragraph.

2.   Answering Paragraph 2 of the Complaint, defendant denies each and every allegation contained therein.

3.   Answering Paragraph 3 of the Complaint, defendant denies each and every allegation contained therein.

4.   Answering Paragraph 4 of the Complaint, defendant denies each and every allegation contained therein and specifically denies that plaintiff is entitled to any recovery at all.

## THE PARTIES, JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, defendant admits the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, defendant admits the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, defendant admits the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, defendant admits the allegations contained therein.

## FIRST CAUSE OF ACTION

9. Answering Paragraph 9 of the Complaint, defendant incorporates by this reference its previous responses to the allegations made in the Complaint as though fully set forth herein.

10. Answering Paragraph 10 of the Complaint, defendant denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, defendant denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, defendant denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, defendant denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, defendant denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, defendant denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, defendant denies each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, defendant denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, defendant denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, defendant admits that it received a demand letter from plaintiff's counsel. Except as so admitted, defendant denies each and every other allegation contained in the said paragraph.

20. Answering Paragraph 20 of the Complaint, defendant denies each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, defendant denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, defendant denies each and every allegation contained therein and specifically denies that plaintiff is entitled to any recovery at all.

23. Answering Paragraph 23 of the Complaint, defendant denies each and every allegation contained therein and specifically denies that plaintiff is entitled to any recovery at all.

24. Answering Paragraph 24 of the Complaint, defendant denies each and every allegation contained therein and specifically denies that plaintiff is entitled to any recovery at all.

25. Answering Paragraph 25 of the Complaint, defendant denies each and every allegation contained therein and specifically denies that plaintiff is entitled to any recovery at all.

## SECOND CAUSE OF ACTION

26. Answering Paragraph 26 of the Complaint, defendant incorporates by this reference its previous responses to the allegations made in the Complaint as though fully set forth herein.

27. Answering Paragraph 27 of the Complaint, defendant denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, defendant denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, defendant denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, defendant denies each and every allegation contained therein and specifically denies that plaintiff is entitled to any recovery at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

31.  The Complaint fails to state facts sufficient to constitute a cause or causes of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

(Uncertainty)

32.  The Complaint is vague, uncertain, ambiguous, and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

33.  Defendant is informed and believes and thereon alleges that plaintiff, by his own conduct, acts, and/or omissions, is barred by his unclean hands and shared fault from all legal and equitable relief requested in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Comparative Fault)

34.  Plaintiff is barred, in whole or in part, by his own fault from any legal or equitable relief against defendant.

### FIFTH AFFIRMATIVE DEFENSE

(Valid Business Purposes)

35.  Plaintiff's claims are barred for the reason that the alleged conduct of defendant was at all times undertaken in the good faith exercise of a valid business purpose and were done in the exercise of proper managerial discretion, in good faith, and based on legitimate reasons.

### SIXTH AFFIRMATIVE DEFENSE

(Good Faith Dispute)

36.  Defendant has a good faith basis to dispute whether any wages were due to plaintiff at the time his employment was terminated.

///

///

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff's Complaint and all claims therein be dismissed with prejudice;
2. That plaintiff take nothing by virtue of this action;
3. For costs of suit incurred herein, including attorneys' fees;
4. For an order of this Court denying all relief sought by plaintiff herein; and
5. For such other and further relief as this Court may deem just and proper.

Dated: November 7, 2007

DUANE MORRIS LLP

By: _____
Keith Zakarin
Attorneys for Defendant
LINSPIRE, INC.
E-mail: kzakarin@duanemorris.com

## DECLARATION OF SERVICE

**STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

I am employed in San Diego County, State of California. I am over the age of eighteen (18) and not a party to this action; my business address is 101 West Broadway, Suite 900, San Diego, California 92101.

On November 7, 2007, I served the following document described as:

**ANSWER TO COMPLAINT**

on the interested parties by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Gregory P. Goonan, Esq.
The Affinity Law Group APC
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088
Attorneys for Plaintiff WILLIAM A. LONG

☐       **(BY PERSONAL SERVICE):** Personal service accomplished by ☒ attorney service or ☐ _____, employed by DUANE MORRIS, LLP.

☐ **(BY FACSIMILE):** I caused the foregoing documents to be transmitted via facsimile to the above addressee(s) at the facsimile number(s) indicated, and that the transmission was reported as complete and without error. Service via facsimile is made pursuant to the written confirmation between the parties of acceptance of service via facsimile. (Sending Facsimile (619) 744-2201.)

☐ **(BY MAIL):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in affidavit.

☒ **(BY ELECTRONIC SERVICE):** On **November 7, 2007**, at **San Diego, California**, I attached a true and correct copy of the above-entitled document(s) to the Court's CM/ECF electronic service system.

☐ **(OVERNIGHT SERVICE):** depositing copies of the above document(s) in an envelope or package designated by said service with delivery fees paid and placing same in a box or other facility regularly maintained by:

☐ **UPS OVERNIGHT SERVICE;** ☐ **U.S. EXPRESS MAIL SERVICE;** ☒ **FEDERAL EXPRESS**

☒ **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: November 7, 2007

*Diane M. Koski* /s/
Diane M. Koski