# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. LONG, an individual,<br><br>                      Plaintiff,<br>vs.<br><br>LINSPIRE, INC., a Delaware corporation,<br><br>                      Defendant. | **CASE NO. 07-CV-01993-H (BLM)**<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

On October 16, 2007, Plaintiff William A. Long ("Long") filed a complaint against Defendant Linspire, Inc. ("Linspire") alleging causes of action for breach of contract and failing to pay wages pursuant to California Labor Code section 201, et seq. (Doc. No. 1, Compl.) Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction on January 5, 2009. (Doc. Nos. 17–19.) On January 16, 2009, Plaintiff filed a response in opposition. (Doc. No. 28.) Defendant filed a reply on January 26, 2009. (Doc. No. 29.)

The Court concludes that this matter is appropriate for resolution without oral argument and submits the motion on the papers under local rule 7.1(d)(1). For the reasons set forth below, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction.

/ / /

/ / /

## Background

Plaintiff Long initiated this action against his former employer, Defendant Linspire, alleging that he and Linspire entered into an employment contract whereby Linspire would pay Long a lump sum payment of six months base salary and make available the benefits made generally available to Linspire's employees if Long was terminated from employment without cause. (Compl. ¶¶12–13.) According to Long, he was terminated due to a reduction in workforce and not for cause, thus triggering Linspire's obligation to pay the severance and make available the described benefits. (Id. ¶16.) Long alleges that Linspire has not fulfilled its obligations under this agreement. (Id. ¶¶17–18.)

Based on these factual allegations, Long has brought suit for two California state law causes of action for breach of contract and failure to pay wages pursuant to California Labor Code section 201, et seq. Long alleges that this Court has jurisdiction over his claims based on diversity of citizenship under 28 U.S.C. §1332. (Id. ¶8.) Long alleges in his complaint that he is a resident of this judicial district, the Southern District of California. (Id. ¶5.) Long further alleges that Linspire is a corporation organized and existing under the laws of Delaware with a principle place of business within this judicial district. (Id. ¶6.) Linspire moves to dismiss Long's complaint for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), arguing that diversity between the parties is lacking. (Doc. No. 18.)

## Discussion

### I. Legal Standard Motion to Dismiss for lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Federal courts have original jurisdiction over disputes involving diverse citizens. 28 U.S.C. §1332. The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to

1  show a proper basis for the court to assert subject matter jurisdiction over the action. <u>McNutt</u>
2  <u>v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); FED.R.CIV.P. 8(a)(1).  A
3  defense based on the lack of subject matter jurisdiction is never waived, and may be raised by
4  any party at any time. <u>Attorneys Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593,
5  594–95 (9th Cir. 1996).  When a defendant challenges jurisdiction "facially," all material
6  allegations in the complaint are assumed true, and the question for the court is whether the lack
7  of federal jurisdiction appears from the face of the pleading itself. <u>Thornhill Publishing Co. v.</u>
8  <u>General Telephone Electronics</u>, 594 F.2d 730, 733 (9th Cir.1979).

9  Plaintiff asserts this Court has jurisdiction based on diversity of the parties under 28
10 U.S.C. § 1332, which confers district courts with original jurisdiction "of all civil actions
11 where the matter in controversy exceeds the sum or value of $75,000, . . . and is between
12 citizens of different states."  28 U.S.C. §1332(a)(1).  For purposes of diversity jurisdiction,
13 corporations are "deemed to be a citizen of any State by which it has been incorporated and
14 of the State where it has its principle place of business . . . ." <u>Id.</u> §1332(c)(1).  A corporation
15 with dual citizenship cannot be sued in Federal court based on diversity if the plaintiff is a
16 citizen of either state. <u>Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.</u>, 465 F.2d 489,
17 491 (9th Cir. 1972).

18 Plaintiff Long bears the burden of establishing jurisdiction and has failed to do so. <u>See</u>
19 <u>Indus. Tectonics, Inc. v. Aero Alloy,</u> 912 F.2d 1090, 1092 (9th Cir. 1990).  From the face of
20 the complaint, diversity jurisdiction is lacking.  Long's complaint alleges that he is a citizen
21 of California and that Defendant Linspire is incorporated in Delaware and has a principle place
22 of business in California.  A corporation only has a single principle place of business for
23 determining its citizenship, and Long does not allege Linspire's principle place of business is
24 anywhere other than in California. <u>See id.</u> at 1092–94.  Thus, Plaintiff and Defendant are both
25 citizens of California for purposes of diversity jurisdiction.  Accordingly, the Court grants
26 Linspire's motion to dismiss for lack of subject matter jurisdiction.
27 / / /
28 / / /

**Conclusion**

The Court GRANTS Defendant Linspire's motion to dismiss for lack of subject matter jurisdiction. As the lack of subject matter jurisdiction cannot be cured, the Court orders the case terminated.

**IT IS SO ORDERED**.

DATED: January 29, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT